### WILLIAM L. SHERMAN VS. VIRGIL CHITTENDEN.

A motion to set aside an inquisition taken before a sheriff's jury, on the ground that improper evidence was admitted, can not be made at special term. It is a calendar cause.

*Motion by plaintiff to set aside the inquisition executed in this cause, on the ground of irregularity in the admission of improper evidence; and also that the plaintiff be permitted to issue a new writ of inquiry, to be executed, and the damages assessed before the circuit judge at the circuit.* —It appears this is an action brought for libel; that an inquisition was taken before a sheriff's jury; the defendant permitting a default to be taken against him for not pleading. On the execution of the writ of inquiry before the deputy sheriff, it appears witnesses were examined for

both parties, and the testimony given at length in the papers for this motion. The plaintiff alleging that improper evidence was admitted by the deputy sheriff.

M. T. Reynolds, *Plffs Counsel.*    Wm. L. Sherman, *Atty in pro per.*
A. Taber, *Defts Counsel.*    Skinner and Rogers, *Defts Atty.*

Nelson, Chief Justice.—Held that this is a calendar cause, and can not be decided on motion at special term.

Motion denied, with costs, without prejudice.